IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MR. G. JACKSON,

        Plaintiff,                                 11cv0702
                                                         **ELECTRONICALLY FILED**

        v.

MR. COLEMAN BROWN, MR. STEVE
COOPER, TRUE BLUE, LABOR READY
INC ET AL.,

        Defendants.

### Memorandum Opinion

On August 9, 2011, the Court entered a Memorandum Order Deferring Ruling on Plaintiff's Motion for Leave to Proceed In Forma Pauperis, and found that after reviewing Plaintiff's complaint (doc. no. 1), "the Court is unable to determine the factual and/or legal nature of plaintiff's claims, although it appears he is alleging some form of employment discrimination as the result of a "deadly peril" he discovered, which he has titled "The Phantom Evil."[1]  Doc. No. 5.

In its August 9, 2011 Memorandum Order, the Court went on to state:

> Although it would appear at this juncture that plaintiff's claims are fanciful or frivolous, in conformance with 28 U.S.C. § 1915(e), the Court will afford *pro se* plaintiff until September 9, 2011, to file an Amended Complaint. See *Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). Should plaintiff fail to file an Amended Complaint by September 9, 2011, the Court will terminate this case for failure to prosecute.  The Court will defer ruling upon the motion for IFP status until after filing of plaintiff's amended pleading, if any.

---

[1] Plaintiff previously filed another *pro se* civil action before this Court against Kimberly Easton, a local television reporter (see 10-cv-518), and the case was dismissed after this Court provided Plaintiff an opportunity to amend his complaint.  The case is currently on appeal before the United States Court of Appeals for the Third Circuit, and as of July 22, 2011, Plaintiff/Appellant had failed to pay his filing fee, and the Court of Appeals previously denied his motion for IFP status.  See 10-cv-518 at doc. no. 12.  Consistent with the prior Order of this Court in 10-cv-518 at doc. no. 2, in the instant case, this Court entered an ORDER that all communications with the Court shall be in the form of a written motion(s).  Doc. No. 6.

Instead of complying with the Court's Memorandum Order, which required the filing of an amended complaint by August 16, 2011 (doc. no. 5), Plaintiff filed a motion for a conference on the Order requiring him to file his motions in a written format (doc. no. 6), and for a hearing on his IFP status. Doc. No. 7. In support thereof, Plaintiff appears to be alleging, as he did in his prior litigation (at 10-cv-518), that this Court, and the Court of Appeals for the Fifth Circuit (see doc. no. 7-1) have entered into a conspiracy to violate his rights, and that the Court clerks have forged the signatures of the Court, and have engaged in a "continuance of deadly environmental crimes and evidence suppression." Doc. No. 7.

Title 28 United States Code Section 1915A obligates the Court to review an IFP prisoner's complaint as soon as practicable after docketing, and to dismiss the action if at any time it appears, *inter alia*, that the action is frivolous, malicious or fails to state a claim. 28 U.S.C. § 1915A(b)(1). Section 1915(e)(2) is not limited to prisoner suits. *Powell v. Hoover*, 956 F.Supp. 564 (M.D. Pa. 1997). Additionally, 28 U.S.C. § 1915 (e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

The standard under which a district court may dismiss an action as frivolous under 28 U.S.C. § 1915(d) (the predecessor to section 1915 (e)(2) was clarified by the United States Supreme Court in *Neitzke v. Williams*, 490 U.S. 319 (1989). Dismissal is appropriate both when the action is "based on an indisputably meritless legal theory" and when it posits "factual contentions [that] are clearly baseless." *Id.* at 327.

Where a complaint alleges facts that are "clearly baseless," "fanciful," or "delusional" it may be dismissed as frivolous. *Denton v. Hernandez*, 504 U.S. 25 (1992). If the *pro se* plaintiff can cure the factual allegations in order to state a claim, the Court should grant him or her leave to do so. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). As this Court has already stated, from what the Court can surmise, Plaintiff's allegations fall within the fanciful, delusional, and/or frivolous categories.

After providing Plaintiff with an opportunity to amend his Complaint, which he has chosen *not* to do, the Court will dismiss his case for failure to prosecute. Further, as the Court stated in its Prior Memorandum Order, the Court finds the allegations in Plaintiff's complaint to be worthy of dismissal under Section 1915(e)(2).

Plaintiff's motion for IFP status will be DENIED AS MOOT (doc. no. 2). Plaintiff's motion for Court Communication Status and IFP Hearing (doc. no. 7) will also DENIED. This case will be DISMISSED WITH PREJUDICE.

An appropriate Order follows.

                                                   s/Arthur J. Schwab
                                                 Arthur J. Schwab
                                                 United States District Judge

cc:    All Registered ECF Counsel and Parties

G. Jackson
1214 Pennsylvania Ave.
Pittsburgh, PA 15233
PRO SE PLAINTIFF